# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01165-JLS-KES | Date: February 16, 2021 |
| Title: James Rutherford v. Choi et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| _Melissa Kunig_ | _N/A_ |
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** (IN CHAMBERS) ORDER (1) DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (Doc. 25) AND (2) DISMISSING THE ACTION

Before the Court is an Application for Default Judgment filed by James Rutherford. (App., Doc. 25-1.) Having taken this matter under submission, the Court now DENIES the Application.

Plaintiff's application seeks default judgment against Defendants, John Paul Choi and Joyce Marie Choi Lee (collectively, "Defendants"), owners of Ben Ngu Restaurant, located at 10051 Garden Grove Blvd, Garden Grove, CA 92844 for violations of the Americans with Disabilities Act ("ADA"), and requests that this Court order injunctive relief and award attorneys' fees and costs. (Compl., Doc. 1, ¶ 8; App. at 13–16.) However, Plaintiff's application contains several fundamental errors that preclude default judgment.

*First*, the application purports to attach a declaration by Plaintiff Rutherford testifying to facts in support of his request for injunctive relief and authenticating the photos that are attached in support. (*See* Docs. 25-2.) But the declaration counsel filed is by a different plaintiff, in a different matter, and describes barriers located at a different establishment—"Meditree Acupuncture Clinic"—not the property not at issue here, and authenticates photos of the same. (Doc. 25-3.)

*Second*, the photos attached to the application depict only the entrance to an establishment called "An Vat," not the establishment at issue in this action: Ben Ngu Restaurant. (Doc. 25-5.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01165-JLS-KES                               Date: February 16, 2021
Title: James Rutherford v. Choi et al.

*Finally*, the application requests $4,644 in attorneys' fees and costs, (App. at 13); however, the declaration submitted by Rutherford's attorney, and the attached billing records, indicate that the total attorneys' fees and costs in this matter were $3,525.  (*See* Manning Decl., Doc. 25-3, ¶ 8; Billing Statement, Doc. 25-7.)

Courts have the discretion to grant or deny motions for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Their discretion is informed by the seven "*Eitel* factors": (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Here, Plaintiff filed an application that, if granted, would have serious consequences:  the entry of judgment for both monetary and injunctive relief against two individual defendants.  Yet, Plaintiff's counsel inexplicably filed supporting documents rife with fundamental mistakes, including the identity of the Plaintiff, the business establishment at issue, the purportedly corroborating photos showing violations, and the amount of attorneys' fees at issue.  When considered in combination with the boilerplate nature of the Complaint, these very basic mistakes undermine the Court's confidence in *any* representations made by Plaintiff or his counsel, whether regarding proper service or the merits of the case as a whole. [1] Accordingly, the Court has grave concerns that entry of default judgment would result in a miscarriage of justice.

For the foregoing reasons, Rutherford's application is DENIED and this action is DISMISSED.

Initials of Deputy Clerk:  mku

---

[1] On an application for default judgment, the factual allegations of the complaint, other than those asserting damages, are deemed to have been admitted by the defaulting party, *see Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977); however, Defendants are not held "to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart,* No. C 07-4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010).